# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 10-5170**

**September Term, 2010**
FILED ON: FEBRUARY 22, 2011

MUKHTAR YAHIA NAJI AL WARAFI,
      APPELLANT

v.

BARACK OBAMA, ET AL.,
      APPELLEES

**MANDATE**
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED:
BY:
ATTACHED:
    Amending Order
    Opinion
    Order on Costs

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-2368)

———

Before: GINSBURG and GARLAND, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*

## JUDGMENT

    This appeal was considered on the record, the briefs, and the oral arguments of the parties. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). For the reasons stated below, it is

    **ORDERED** and **ADJUDGED** that the judgment of the district court denying Al Warafi's petition for a writ of habeas corpus be affirmed in part and the case remanded in part to the district court.

    Al Warafi first challenges the district court's determination he was more likely than not a part of the Taliban at the time of his capture. Alternatively, Al Warafi contends that even if he was a part of the Taliban, the district court should have granted his petition because he served permanently and exclusively as "medical personnel" within the meaning of Article 24 of the First Geneva Convention and § 3-15(b)(1)-(2) of Army Regulation 190-8.

    On the first issue, we agree with the district court Al Warafi was more likely than not a part of the Taliban. *See Barhoumi v. Obama*, 609 F.3d 416, 423 (D.C. Cir. 2010). On the second issue, the district court did not explicitly address whether Al Warafi was permanently and exclusively medical personnel within the meaning of Article 24 of the First Geneva Convention and Army Regulation 190-8, § 3-15(b)(1)-(2), assuming arguendo their applicability, or did not

A TRUE COPY
United States Court of Appeals
for the District of Columbia Circuit

By: _____
Deputy Clerk

2

Al Warafi "more likely than not served as a medic on an as needed basis," *Naji Al Warafi v. Obama*, 704 F. Supp. 2d 32, 42–43 (D.D.C. 2010), but we are uncertain whether this was tantamount to finding Al Warafi served only as *auxiliary* medical personnel within the meaning of Article 25 of the Convention and Army Regulation 190-8, § 3-15(d)(2), as the Government contends, or that finding related only to the district court's determination Al Warafi was a "part of" the Taliban, as Al Warafi argues.  We therefore remand the case to the district court to consider (or reconsider) Al Warafi's argument he was permanently and exclusively engaged as a medic and to make a finding on this issue.  Because he did not carry an identification card or wear an armlet bearing the emblem of the Medical Services at the time of capture, it appears that Al Warafi bears the burden of proving his status as permanent medical personnel.  *See* First Geneva Convention, arts. 40, 41; *id.* art. 25 commentary; *id.* art. 40 commentary; Army Reg. 190-8, § 3-15(a).

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing.  *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

*Per Curiam*

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Jennifer M. Clark
Deputy Clerk